IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **DEBORAH and EDWARD GELIN** | * |
| as Personal Representatives of the Estate of Ashleigh Gelin, and for themselves, | * |
| 309 Garrison Forest Road | * |
| Owings Mills, MD 21117 | * |
| **Plaintiffs** | * |
| v. | * |
| | |
| | * |
| **BALTIMORE COUNTY, Maryland** | * |
| Serve: Michael Fields | |
| County Attorney | * |
| Baltimore County Law Office | |
| 400 Washington Avenue | * |
| Towson, MD 21204 | |
| | * |
| and | |
| | * |
| **CORRECT CARE** ——————— **SOLUTIONS LLC,** | |
| 534 S. Kansas Ave., Suite 800 | * |
| Topeka, KS 66603 | |
| Serve On: Resident Agent | * |
| Corporate Creations Network, Inc. | |
| Suite 700 | * |
| 2 Wisconsin Circle | |
| Chevy Chase, MD 20815 | * |
| | |
| and | *    * |
| JAY R. FISHER, Sheriff of Baltimore | |
| County, individually and in his | * |
| Representative capacity, | |
| Serve at: Baltimore County Circuit | * |
| Courthouse | |
| 401 Bosley Avenue, Ground Floor | * |
| Towson, MD 21204 | |
| **DEBORAH J. RICHARDSON, Director** | * |
| of Baltimore County Detention | |
| Center, individually and as agent/ | * |
| Employee of Baltimore County, | |

Case Number: <u>GLR 16-3694</u>

**Jury Trial Demanded**

Formatted: Font: Not Bold

0012647;2                                        1

Maryland *

Serve at: Baltimore County

Detention Center *

720 Bosley Avenue

Towson, MD 21204 *

_____ *

and

and *

*

**KYLE SHUMAN,** Individually and *

as agent/employee of Baltimore *

County, Maryland, *

Serve at: Baltimore *

County Detention Center *

720 Bosley Avenue *

Towson, MD 21204 *

and *

**ROSELOR SAINT FLEUR,** Individually *

and as agent/employee of

Baltimore County, Maryland, *

Serve at: Baltimore County

Detention Center *

720 Bosley Avenue

Towson, MD 21204 *

and *

**VICTORIA TITUS,** Individually and *

as agent/employee of Baltimore

County, Maryland, *

Serve at: Baltimore County

Detention Center *

720 Bosley Avenue

Towson, MD 21204 *

and *

**JENNIFER SEVIER,** Individually and *

as agent/employee of Baltimore

County, Maryland, *

Serve at: Baltimore County

Detention Center *

720 Bosley Avenue

Towson, MD 21204 *

and *

**DIANE BAHR**, Individually and as *
Agent/employee of Baltimore *
County, Maryland,
Serve at: Baltimore County *
Detention Center
720 Bosley Avenue
Towson, MD 21204 *

and *

**MICHAEL SALISBURY II**, Individually *
and in his official capacity,
Serve at: Baltimore County *
Detention Center
720 Bosley Avenue *
Towson, MD 21204
*

and *

*

**MICHELLE RAWLINS**, Individually *
and in her official capacity,
Serve at: Baltimore County *
Detention Center
710 Bosley Avenue
Towson, MD 21204 *

**NICHOLAS QUISGUARD**, Individually *
and in his official capacity,
Serve at: Baltimore County *
Detention Center
720 Bosley Avenue *
Towson, MD 21204
*

and *

*

**MYESHA WHITE**, Individually and in *
her official capacity,
Serve at: Baltimore County *
Detention Center
720 Bosley Avenue *
Towson, MD 21204

and     *

**JOSEPH LUX**, Individually and in     *
      his official capacity,
      <u>Serve at:</u> Baltimore County     *
      Detention Center
      720 Bosley Avenue     *
      Towson, MD 21204
    *

      and     *

**GREGORY LIGHTNER,** Individually     *
      and in his official capacity,     *
      <u>Serve at:</u> Baltimore County
      Detention Center     *
      720 Bosley Avenue
      Towson, MD 21204     *

      and     *

**CARL LUCKETT,** Individually and     *
      in his official capacity,
      <u>Serve at:</u> Baltimore County     *
      Detention Center
      720 Bosley Avenue     *
      Towson, MD 21204
    *

      and     *

**JOHN AND JANE DOES 1-~~8~~10,**
      Individually and as agents/     *
      employees of Baltimore, County
      Maryland,     *

      **Defendants.**     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

      Plaintiffs, **DEBORAH** and **EDWARD GELIN**, as Personal Representative of the

Estate of their deceased daughter, **ASHLEIGH GELIN**, and for themselves, hereby file this

<u>First Amended </u>Complaint against **BALTIMORE COUNTY, MARYLAND**, in its

governmental capacity; **CORRECT CARE SOLUTIONS LCC**, as the employer of all health care providers; **DEBORAH J. RICHARDSON**, individually and in her official capacity; ~~JAY R. FISHER, Sheriff of Baltimore County, in his representative capacity;~~ **KYLE SHUMAN, ROSELOR SAINT FLEUR, VICTORIA TITUS, JENNIFER SERVIER**, and **DIANE BAHR**, individually and as agents/employees of Baltimore County and/or ~~Baltimore County, Maryland~~Connect Care; and **MICHAEL SALISBURY II, MICHELLE RAWLINS, NICHOLAS QUISGAURD, MYESHA WHITE, JOSEPH LUX, GREGORY LIGHTNER,** and **CARL LUCKETT**, individually and in their official capacity as agents/employees of Baltimore County, Maryland under color of law (collectively "Defendants"); and in support thereof alleges the following[1]:

### STATEMENT OF THE CASE

1.     This action arises out of the death of Ashleigh Gelin ("Ms. Gelin"), who was incarcerated at the Baltimore County Detention Center ("BCDC") on the day she died.

2.     At all relevant times hereto, including the time of her death, Ms. Gelin was in the complete custody, control, care and protection of Defendants.

3.     Despite indications and their awareness of Ms. Gelin's unstable mental condition, suicidal ideations and imminent medical needs, Defendants chose not to provide her with necessary medical treatment. Instead, they were deliberately indifferent to her known serious medical needs. Ms. Gelin was placed in solitary confinement, where she was bullied and harassed by prisoners housed in nearby cells. Even after reporting her instability and mental health concerns to medical professionals and members of the health care team, Ms. Gelin was not closely monitored or provided with necessary medical or mental health treatment and/or

---

[1] This First Amended Complaint is to substitute Deborah J. Richardson in the place of Jane Doe 1, Correct Care Solutions LLC in the place of John Doe 2, to remove Jay R. Fisher as a defendant and to clarify allegations against certain individuals who provided health care and other services to the Decedent while incarcerated at BCDC.

medication.

4. As a direct and proximate result of these facts and circumstances, Ms. Gelin took her own life. At approximately 6:00 PM on November 14, 2013, her lifeless body was found hanging from a vent – suffocated by a bed sheet tied around her neck as a makeshift noose.

5. Ms. Gelin suffered intense physical and emotion pain and suffering, including consciousness of her own pending death, and she otherwise suffered injury and damage.

6. Plaintiffs seek damages from employees of Baltimore County, Maryland, in their individual capacities, including payment of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiffs also seek damages from Defendants in their individual capacities pursuant to Md. Code Ann., Cts. & Jud. Proc., §§ 3-901 *et seq.* and 6-401 *et seq.* (wrongful death and survival actions) as well as under theories of negligence, gross negligence, and negligent hiring, retention and supervision.

7. Additionally, Plaintiffs seek damages under respondeat superior holding Baltimore County, Deborah Richardson, as ~~Jay R. Fisher and other employees of Baltimore County~~ the Director of the Department of Corrections, and Connect Care Solutions LLC ~~, who are being sued in their representative capacities,~~ liable ~~in their representative capacity as agents/employees of Baltimore County, Maryland.~~ for the wrongful acts and/or omissions of employees and/or agents responsible for the care of the Decedent while incarcerated at BCDC.

## THE PARTIES

8. Plaintiffs, Deborah and Edward Gelin ("Plaintiffs" and "the Gelins"), are the biological parents of the deceased, Ashleigh Gelin, and are adult residents of the State of Maryland. Plaintiffs sue on behalf of themselves and as personal representatives of Ashleigh Gelin, deceased, who was in the custody and control of the Defendants at the time of her death.

9.    Defendant Baltimore County, Maryland is an entity of local government of the State of Maryland. Baltimore County, at all relevant times and upon information and belief, permitted ~~Baltimore County Sheriff,~~Deborah Richardson, Director of the Department of Corrections, ~~Defendant Jay R. Fisher,~~ to manage BCDC, and employed Defendants Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-10 (collectively the "Named Defendants") to operate BCDC, where Ms. Gelin was incarcerated on the date of her death. Baltimore County was given notice of this claim pursuant to Md. Code Ann., Cts. & Jud. Proc., § 5-304 on or about May 1, 2014. A copy of this Notice is attached ~~hereto~~ to the Original Complaint as Exhibit 1. At all relevant times, under [ **Formatted:** Font: Not Bold, Underline ] Maryland law, including principles of respondeat superior, Baltimore County was responsible for the misconduct, acts and omissions of its employees, agents, and/or servants causing the death of Ms. Gelin.

10.    Defendant Correct Care Solutions LLC ("Correct Care") is a Maryland limited liability company with its principal place of business in Topeka, Kansas engaged in the business of providing all health care services at BCDC. At some time prior to the filing of this Complaint, Correct Care acquired Conmed Healthcare Management, Inc. ("Conmed"), a business entity which was previously engaged in the business of provided all health care services at BCDC. Upon information and belief, Correct Care and Conmed are now one business entity doing business as "Correct Care Solutions LCC" and at all times relevant hereto, Correct Care and/or Conmed (collectively "Correct Care") was retained by and/or on behalf of Baltimore County to provide all health care services to inmates incarcerated at BCDC.

10.    Defendant Deborah J. Richardson is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland

employee responsible for the administering the Department of Corrections and in charge of all persons employed by the county to operate BCDC. Defendant Richardson was at all relevant times acting within the scope of her employment and/or agency as the Director of the Department of Corrections and employed by Baltimore County, Maryland and under color of law. Defendant Richardson is sued in her individual capacity and in her official capacity as an agent/employee of Baltimore County, Maryland. ~~Defendant Jay R. Fisher is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times serving as the Baltimore County Sheriff, where he functions as the County's chief law enforcement officer and as the executive in charge of managing and operating BCDC. Defendant Fisher is sued in his individual capacity and in his official capacity, as the governmental official who represents the official policy, practices, customs, and regulations of BCDC, which policies, practices, customs and regulations, and violations thereof, violated Ms. Gelin's constitutional rights and contributed to her death.~~

11. ____

~~11.~~12.  Defendant Kyle Shuman is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times ~~a~~ employed by Correct Care to provide health care services at BCDC. ~~Baltimore County, Maryland employee of BCDC. Defend~~Defendant~~ant~~ Shuman was at all relevant times acting within the scope of his employment and/or agency as a health care professional ~~employed by Baltimore County, Maryland~~ and under color of law. Defendant Shuman is sued in his individual capacity and as an agent ~~/employee~~ of Baltimore County and Correct Care.

13. ____ Defendant Roselor Saint Fleur is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times employed by Correct Care to provide health

care services at BCDC. Defendant Saint Fleur was at all relevant times acting within the scope of her employment and/or agency as a health care professional and under color of law. Defendant Saint Fleur is sued in her individual capacity and as an agent of Baltimore County and Correct Care.

12. ~~upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant Saint Fleur was at all relevant times acting within the scope of her employment and/or agency as a health care professional employed by Baltimore County, Maryland and under color of law. Defendant Saint Fleur is sued in her individual capacity and as an agent/employee of Baltimore County.~~

~~13.~~14.  Defendant Victoria Titus is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times employed by Correct Care to provide health care services at BCDC. Defendant Titus was at all relevant times acting within the scope of her employment and/or agency as a health care professional and under color of law. Defendant Titus is sued in her individual capacity and as an agent of Baltimore County and Correct Care. ~~upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant Titus was at all relevant times acting within the scope of her employment and/or agency as a health care professional employed by Baltimore County, Maryland and under color of law. Defendant Titus is sued in her individual capacity and as an agent/employee of Baltimore County.~~

~~14.~~15.  Defendant Jennifer Sevier is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times employed by Correct Care to provide health care services at BCDC. Defendant Sevier was at all relevant times acting within the scope of her employment and/or agency as a health care professional and under color of law. Defendant

Sevier is sued in her individual capacity and as an agent of Baltimore County and Correct Care. ~~upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant Sevier was at all relevant times acting within the scope of her employment and/or agency as a health care professional employed by Baltimore County, Maryland and under color of law. Defendant Sevier is sued in her individual capacity and as an agent/employee of Baltimore County.~~

16.    Defendant Diane Bahr is,~~-~~ upon information and belief, an adult resident of the State of Maryland and was at all relevant times employed by Correct Care to provide health care services at BCDC. Defendant Bahr was at all relevant times acting within the scope of her employment and/or agency as a health care professional and under color of law. Defendant Bahr is sued in his individual capacity and as an agent of Baltimore County and Correct Care. ~~upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant Bahr was at all relevant times acting within the scope of her employment and/or agency as a health care professional employed by Baltimore County, Maryland and under color of law. Defendant Bahr is sued in her individual capacity and as an agent/employee of Baltimore County.~~

~~15.~~17.    At all times relevant hereto, defendants Schuman, Saint Fluer, Titus, Sevier and Bahr were employed by Correct Care to provide health care services at BCDC under Connect Care's contract to provide health care at BCDC and were agents of Baltimore County and/or BCDC and/or Connect Care as individuals working at BCDC. Baltimore County, BCDC and Connect Care owed a non-delegable duty of care to the Decedent arising out of their relation toward the public and the decedent in connection with the operation of BCDC.

~~16.~~18.  Defendant Michael Salisbury II is, upon information and belief, an adult resident

of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant Salisbury was at all relevant times acting within the scope of his employment and/or agency as a correctional officer employed by Baltimore County, Maryland and under color of law. Defendant Salisbury is sued in his individual capacity and as an agent/employee of Baltimore County.

17.19. Defendant Michelle Rawlins is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant Rawlins was at all relevant times acting within the scope of her employment and/or agency as a correctional officer employed by Baltimore County, Maryland and under color of law. Defendant Rawlins is sued in her individual capacity and as an agent/employee of Baltimore County.

18.20. Defendant Nicholas Quisguard is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant Quisguard was at all relevant times acting within the scope of his employment and/or agency as a correctional officer employed by Baltimore County, Maryland and under color of law. Defendant Quisguard is sued in his individual capacity and as an agent/employee of Baltimore County.

19.21. Defendant Myesha White is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant White was at all relevant times acting within the scope of his employment and/or agency as a correctional officer employed by Baltimore County, Maryland and under color of law. Defendant White is sued in her individual capacity and as an agent/employee of Baltimore County.

20.22.  Defendant Joseph Lux is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant Lux was at all relevant times acting within the scope of his employment and/or agency as a correctional officer employed by Baltimore County, Maryland and under color of law. Defendant Lux is sued in his individual capacity and as an agent/employee of Baltimore County.

21.23.  Defendant Gregory Lightner is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant Lightner was at all relevant times acting within the scope of his employment and/or agency as a correctional Lieutenant, Shift Supervisor, employed by Baltimore County, Maryland and under color of law. Defendant Lightner is sued in his individual capacity and as an agent/employee of Baltimore County.

22.24.  Defendant Carl Luckett is, upon information and belief, an adult resident of the State of Maryland and was at all relevant times a Baltimore County, Maryland employee of BCDC. Defendant Luckett was at all relevant times acting within the scope of his employment and/or agency as a correctional Captain, Shift Commander, employed by Baltimore County, Maryland and under color of law. Defendant Luckett is sued in his individual capacity and as an agent/employee of Baltimore County.

25.      At all times relevant hereto, Defendants Salisbury, Rawlins, Quisguard, White, Lux, Lightner and Lucket were employed by Baltimore County as correctional officers and/or prison guards and acted as employees and/or agents of BCDC.

23.26.  John and Jane Does 1-810 represent unidentified parties who at all relevant times were employees, agents and/or servants of Baltimore County, Maryland, whose acts and/or

omissions made within the scope of their employment and/or agency with Baltimore County, Maryland and under color of law contributed to the death of Ms. Gelin.

## JURISDICTION AND VENUE

24.27.  Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and § 1343, which confer original jurisdiction upon this Court over any litigation arising under federal law, including the 14th Amendment to the United States Constitution and the civil rights statutes, such as 42 U.S.C. § 1983, to recover damages or to secure equitable relief. This Court has supplemental and/or pendent subject matter jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367.

25.28.  This Court has personal jurisdiction over ~~Jay R. Fisher,~~ Correct Care, Deborah Richardson, Kyle Shuman, Roselor Saint Fleur, Victoria Titus, Jennifer Servier, Diane Bahr, Michael Salisbury II, Michelle Rawlins, Nicholas Quisguard, Myesha White, Joseph Lux, Gregory Lightner, Carl Luckett, and John and Jane Does 1-~~810~~ insofar as they reside and/or are employed by and/or habitually do business within the State of Maryland, and the acts and omissions complained of in this First Amended Complaint occurred within the State of Maryland.

26.29.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b), as substantially all of the acts and/or omissions complained of which give rise to this First Amended Complaint occurred within this judicial district.

## FACTS

27.30.  On or about November 4, 2013, at approximately 1:43 PM, Ms. Gelin was admitted to BCDC pursuant to a court order imposing one year of incarceration, to run concurrent with any other outstanding or unserved sentence, for the charges of Theft Scheme:

less than $1,000.

28.31.  At approximately 2:40 PM on November 4, 2013, during processing and intake,
Defendant Saint Fleur, LPN, conducted a medical intake screening of Ms. Gelin and reported a
history of mental illness, specifically bipolar disorder, and previous inpatient psychiatric
hospitalization and treatment with psychiatric medication for bipolar disorder. A true and
authentic copy of certain records received from the Baltimore County Detention Center is
attached to the Original Complaint as Exhibit 2. See Exhibit 2, at 5.

29.32.  Defendant Saint Fleur also noted that Ms. Gelin appeared restless and suffered
from opioid and benzodiazepine addiction.  Defendant Saint Fleur referred Ms. Gelin to
practitioner appointment as soon as possible for withdrawal.  Exhibit 2, at 5, 7, and 11.

30.33.  Defendant Saint Fleur reported that Ms. Gelin was receiving medication for acute
or chronic medical conditions but *did not* record those medications in the Intake Form. Exhibit 2,
at 5.

31.34.  At approximately 7:24 PM on November 4, 2013, Ms. Gelin was seen by
Defendant Titus, CRNP, for an initial health assessment. Defendant Titus reported that Ms. Gelin
suffered from bipolar disorder and showed evidence of depression and/or psychosis. Exhibit 2, at
15.

32.35.  Defendant Titus diagnosed Ms. Gelin with benzodiazepine and opiate withdrawal
and psychiatric disorder. Exhibit 2, at 16.

33.36.  Defendant Titus placed Ms. Gelin on detox protocol. Exhibit 2, at 90.

34.37.  Upon completion of her evaluation, Ms. Gelin was prescribed 50 mg of
Chlordiazepoxide ("Librium"), an anti-anxiety medication, and Promethazine ("Phenergen"), an
antihistamine and an allergy medication by Defendant Titus. Exhibit 2, at 90.

35.38.  Defendant Titus made a referral for Ms. Gelin to be seen by mental health. *Id, see also* Exhibit 2, at 16.

36.39.  On or about November 4, 2016, Defendant Sevier reviewed Ms. Gelin's intake report and wrote a referral for Ms. Gelin to be seen by psychiatric staff. Exhibit 2, at 90.

37.40.  The regulations and policies pertaining to inmates suffering from mental illness are included in the Department of Corrections Directive, Chapter 4, Title 4.2.08, Effective 12-3-12, issued by Baltimore County, Maryland Department of Correction ("the Mental Health Services Policy"). The Mental Health Services Policy requires that an inmate referred to mental health shall be evaluated by a Mental Health Services professional within 72 hours, or, in the alternative, if a Mental Health Services professional or Psychiatrist is not available, the inmate shall be placed on special observation status. Exhibit 2, at 82.

38.41.  Ms. Gelin was not seen by a Mental Health Services professional or Psychiatrist and was not placed on special observation status within 72 hours of her evaluation by Defendant Sevier.

39.42.  On or about November 11, 2013 at 11:10 AM, approximately 6.5 days or 288 hours after being referred to mental health, Ms. Gelin was evaluated by Defendant Shuman, LCPC, a qualified mental health services staff member of BCDC. Exhibit 2, at 17.

40.43.  Defendant Shuman reported that Ms. Gelin suffered from a seizure on November 3, 2013 and was taking three daily mental health medications, specifically alprazolam, seroquel and effexor, when admitted into BCDC. Exhibit 2, at 21. These medications are prescribed to treat mental illness, including but not limited to bi-polar disorder, and sudden change in dosage or suddenly stopping the medication completely can lead to suicidal ideations.

41.44.  Defendant Shuman reported that Ms. Gelin had not received any dose of

alprazolam, seroquel or effexor while incarcerated. *See id.*

42.45. Ms. Gelin never received any dose of alprazolam, Seroquel or Effexor, or a medication of equivalent use, while incarcerated.

43.46. Ms. Gelin never received and was never prescribed a medication to treat her diagnosis of bipolar disorder while incarcerated at BCDC.

44.47. Defendant Shuman's overall evaluation reported that Ms. Gelin had a history of anxiety, borderline personality disorder, panic attacks and substance abuse issues. Ms. Gelin had a history of taking psychotropic medications and complained of panic attacks, intermittent tearfulness, difficulty sleeping and anxious mood consistent with adjustment disorder with anxiety. Exhibit 2, at 22-23.

45.48. Defendant Shuman did not refer Ms. Gelin to mental health services for any additional mental health treatment or evaluation on November 11, 2013. Exhibit 2, at 23.

46.49. On November 12, 2013, Ms. Gelin was seen for medical treatment after an altercation where she was jumped by two other inmates.

47.50. Ms. Gelin was not separated from the other inmates with whom she had previous alterations and/or were bullying her and calling her names.

48.51. On November 14, 2013, Defendant Shuman evaluated Ms. Gelin for allegedly "crying, screaming and complaining of hearing voices." Exhibit 2, at 27. Upon arrival, Ms. Gelin was laying in her bed crying. Ms. Gelin complained of other inmates screaming her name and yelling and complained to Defendant Shuman about the fact that she was not receiving psychotropic medications. Defendant Shuman reported that "[inmate] will be followed up with tomorrow morning during rounds." Exhibit 2, at 28.

49.52. On November 14, 2013, Defendant Rawlins recorded in the Shift Log Report that

Defendant Shuman had talked to Ms. Gelin and that Ms. Gelin would be seen by mental health services the following morning, November 15, 2013. Exhibit 2, at 96.

50.53. After Defendant Shuman's visit with Ms. Gelin, Defendant Bahr scheduled Ms. Gelin to be seen by a psychiatrist on November 18, 2013, four days after the referral to mental health services was made by Defendant Shuman. Exhibit 2, at 93[2].

51.54. Ms. Gelin was not placed on special observation status during the time period between Defendant Shuman's referral to mental health and Ms. Gelin's appointment with mental health services.

52.55. On November 14, 2013 at approximately 6:00 PM, Defendant Salisbury found Ms. Gelin dead in her cell, slumped down on her toilet, her neck hanging sideways with a sheet tied around her neck and tied to the vent in the ceiling in Housing unit 2R, cell number 14.

53.56. Emergency personnel responded to the scene and attempted to revive Ms. Gelin using CPR and A.E.D. shock treatment. After approximately 38 minutes, the oxygen tank was depleted and CPR was discontinued while a nurse responded to Medical to obtain another tank. The nurse returned and CPR continued at approximately 6:50 PM.

54.57. At approximately 6:55 PM, Ms. Gelin was found to have a pulse.

55.58. Ms. Gelin was immediately transported to St. Joseph Hospital where she was pronounced deceased upon arrival.

56.59. Upon information and belief, other inmates housed in Bosley Unity 2R were aware of Ms. Gelin's pending death and continuously screamed while banging on the cell walls in an attempt to summon help from a BCDC staff member, to which no one responded.

57.60. According to records received from BCDC, no inmate checks or watch tour

---

[2] Exhibit 2, at 90 states "Diane Bahr scheduled the Inmate to be seen by a psychiatrist for 1/18/13. Upon information and belief, this date should read 11/18/13, approximately 4 days after Defendant Shuman's evaluation of Ms. Gelin.

rounds occurred within the two hours prior to Ms. Gelin being discovered.

58.61.  Ms. Gelin repeatedly exhibited signs of severe mental illness, including bi-polar disorder, while incarcerated at BCDC and before her death.

59.62.  Ms. Gelin repeatedly expressed her concern regarding the fact that she was not receiving mental health medication while incarcerated at BCDC.

60.63.  According to Ms. Gelin's Medical File, attached as Exhibit 2, Defendants Titus, Saint Fleur and Shuman readily acknowledged that Ms. Gelin suffered from a history of mental illness including bipolar disorder and panic attacks and that she was receiving medication upon admission to BCDC.

61.64.  Records obtained from BCDC indicate that Watch Tour Rounds of Housing Unit 2R were conducted at approximately 7:59 AM, 9:55 AM, 1:59 PM, 3:58 PM, 8:27 PM, 10:14 PM and 11:12 PM.

62.65.  The regulations and policies pertaining to Security Inspection and Watch Tours for Bosley Housing Units is contained in the Department of Corrections Directive, Chapter 3, Title 3.1.03, Effective 12-6-10, issued by Baltimore County, Maryland Department of Corrections ("Security Inspections Policy").

63.66.  The Security Inspections Policy requires that 2nd and 3rd Tour Housing Unit Officers shall conduct four -Watch Tours per shift of the housing unity and the watch tours must being by 8:00 AM, 10:00 AM, 12:00 PM, 2:00 PM, 4:00 PM, 6:00 PM, 8:00 PM, and 10:00 PM. Exhibit 2, at 89.

64.67.  The Security Inspections Policy requires Housing Unit Officers to document discrepancies, corrective measures and actions in the Shift Log. Exhibit 2, at 89.

65.68.  The regulations and policies pertaining to Inmate Counts for Bosley Housing

Units is contained in the Department of Corrections Directive, Chapter 3, Title 3.1.01, Effective 4-09-2013, issued by Baltimore County, Maryland Department of Corrections ("Inmate Counts Policy").

66.69. The Inmate Counts Policy requires formal inmate counts to be conducted at 3:15 PM to verify the identity of each inmate by viewing and comparing the inmate's face, the inmate's identification bracelet and the Housing Unit Count Roster. Exhibit 2, at 85.

67.70. On November 14, 2013, formal inmate count was not conducted at any time. *See* Exhibit 2, at 96.

68.71. The Due Process Clause of the Fourteenth Amendment guarantees Ms. Gelin, as an incarcerated individual in the custody and care of BCDC, the right to basic necessities that the Eighth Amendment guarantees convicted persons, including the right to psychiatric and mental health care and medication, as well as a right to be protected from physical or psychological injury, harm or death.

69.72. At all times relevant hereto, Ms. Gelin was in the custody, care and control of BCDC, thereby creating a special relationship between Ms. Gelin and the Defendants.

70.73. At all times relevant hereto, personnel at BCDC were required to screen and evaluate Ms. Gelin on an ongoing basis.

71.74. At all times relevant hereto, Baltimore County was required to train its jail personnel on the method and means of evaluating persons placed in custody to keep them safe from physical or psychological injury, harm or death.

72.75. The actions of the BCDC and/or Correct Care staff in confining Ms. Gelin alone in an unmonitored jell cell with ready access to the means to take her life while not providing her with the necessary medical and mental health treatment and/or medication while incarcerated

constituted deliberate, reckless and conscious indifference and disregard for Ms. Gelin's life, safety and serious medical needs.

73.76.  The decisions and actions of the BCDC and/or Correct Care staff in confining Ms. Gelin to a jail cell where she was unmonitored and unattended by appropriate professional staff created the very circumstances and danger by which Ms. Gelin would have the means and opportunity to take her own life.

74.77.  The decisions and actions of the BCDC and/or Correct Care staff in failing to separate Ms. Gelin from inmates with whom she had previous altercations and/or bullied her and called her names, among other things, created the very circumstances and danger by which Ms. Gelin would have the means and opportunity to take her own life.

75.78.  The decisions and actions of the BCDC and/or Correct Care staff in failing to schedule Ms. Gelin to be seen by a Mental Health Services professional or a Psychiatrist within 72 hours of her referral to mental health, on two occasions, constituted deliberate, reckless and conscious indifference and disregard for Ms. Gelin's life, safety and serious medical and mental health needs.

76.79.  The decisions and actions of the BCDC and/or Correct Care staff in failing to provide Ms. Gelin with mental health treatment within 72 hours of her referral to mental health and/or psychiatry constituted deliberate, reckless and conscious indifference and disregard for Ms. Gelin's life, safety and serious medical needs.

77.80.  The decisions and actions of the BCDC and/or Correct Care staff in failing to place Ms. Gelin on special observation constituted deliberate, reckless and conscious indifference and disregard for Ms. Gelin's life, safety and serious medical needs.

78.81.  The decisions and actions of the BCDC and/or Correct Care staff in failing to

provide housing units safe from suicide risks (i.e. the vent location and design) constituted deliberate, reckless and conscious indifference and disregard for Ms. Gelin's life, safety and serious medical needs.

79.82.  The decisions and actions of the BCDC and/or Correct Care staff in failing to separate Ms. Gelin from other inmates with whom she had previous altercations and/or bullied her and called her names, among other things, constituted deliberate, reckless and conscious indifference and disregard for Ms. Gelin's life, safety and serious medical needs.

80.83.  Upon information and belief, Baltimore County Sheriff Jay R. FisherDeborah Richardson, Director of the Department of Corrections, who, who supervised and/or administered BCDC, or, or others under heris supervision or control, had a policy, practice or custom of requiring BCDC staff to record inmate watch tours as properly executed using a computer, regardless of whether those checks were done at all, done late, or done carelessly.

84.     Upon information and belief, Baltimore County Sheriff Jay R. FisherDeborah Richardson, Director of the Department of Corrections, or others under hiser supervision or control, had a policy, practice, or custom of placing inmates who were referred to mental health or psychiatry into general housing or solitary confinement where they were not continuously monitored, were not readily visible to BCDC and/or Correct Care staff, and which contained mechanisms by which inmates at risk of suicide or other self-destructive behavior could readily effectuate their suicides or other self-destructive behavior.

**Formatted:** Underline

81.85.  Upon information and belief, Correct Care, or others under its supervision or control, had a policy, practice, or custom of placing inmates who were referred to mental health or psychiatry into general housing or solitary confinement where they were not continuously monitored, were not readily visible to BCDC and/or Correct Care staff, and which contained

mechanisms by which inmates at risk of suicide or other self-destructive behavior could readily effectuate their suicides or other self-destructive behavior.

82.86.  Defendants Shuman, Saint Fleur, Titus, Sevier, and Bahr had subjective knowledge, through medical assessment and/or review, that Ms. Gelin suffered from a serious mental health illness, had suicidal ideations and needed immediate medical and/or psychiatric treatment and/or medication.

83.87.  On November 14, 2013, Defendants Shuman, Bahr and Rawlins had personal knowledge, through medical assessment and/or review, that Ms. Gelin was to be seen by a Mental Health Services professional or Psychiatrist, on the morning of November 15, 2013, as a follow up from her evaluation with Defendant Shuman, yet not one of these Defendants placed Ms. Gelin on special observation status. Exhibit 2, at 82, 93, 96.

84.88.  Defendants Salisbury, Rawlins, Quisguard, White, Lux, Lightner and Luckett were all present on the day Ms. Gelin committed suicide under their watch, yet not one of them conducted an inmate count at 3:15 or a watch tour between 3:58 PM and 6:00 PM when Ms. Gelin's body was discovered.

85.89.  All of the Named individual Defendants were present on the day Ms. Gelin committed suicide under their watch, yet not one of them responded to the screaming and yelling of other inmates attempting to get their attention during Ms. Gelin's pending death.

90.    As a direct and proximate result of these facts and circumstances, within hours of reporting to a mental health specialist that she was crying, screaming and hearing voices, Ms. Gelin hung herself by tying a sheet from the air vent above the toilet in her unmonitored jail cell.

86.

**COUNT I**
**42 U.S.C. § 1983**
**Against Defendants ~~Fisher~~Richardson, Shuman, Saint**
**Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard,**
**White, Lux, Lightner, Luckett, John and Jane Doe 1-~~10~~8**

~~87.~~91.  Plaintiffs hereby incorporates the factual allegations contained in the previous

paragraphs of this <u>First Amended</u> Complaint as if fully restated herein.

~~88.~~92.  This Count arises under 42 U.S.C. § 1983, and is alleged against Defendants

~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard,

White, Lux, Lightner, Luckett and John and Jane Does 1-~~10~~8, jointly and severally, for their

actions, omissions, supervision, or supervisory directives causing, and/or knowingly acquiescing

in personnel's decisions to refuse to safeguard Ms. Gelin by failing to provide adequate mental

health treatment and/or medication or, in the alternative, by failing to place Ms. Gelin on special

observation and by failing to conduct regular watch tours and formal inmate counts, among other

things, thereby causing the deprivation of Ms. Gelin's constitutional rights to personal security

and protection under the Fourteenth Amendment to the Constitution.

~~89.~~93.  At all times relevant hereto, the ~~Named~~ <u>Named</u> Defendants were acting under

color of the laws of the State of Maryland and/or Baltimore County, Maryland<u> as individuals</u>

<u>working at BCDC and as employees and/or agents of Baltimore County, Maryland and/or</u>

<u>Correct Care.</u>

~~90.~~94.  The Named Defendants acted with deliberate indifference to the known and

foreseeable dangers and substantial risks of harm that Ms. Gelin, who suffered from mental

illness and was not receiving proper treatment and/or medication, was exposed to while in the

custody and care of Defendants.

~~91.~~95.  The Named Defendants acts and omissions constituted a deliberate indifference to

the constitutional rights of Ms. Gelin in that the above-described acts and omissions deprived Ms. Gelin or her rights and privileges secured by the Due Process Clause of the Fourteenth Amendment within the meaning of 42 U.S.C. § 1983.

92.96.  The conduct of the Named Defendants described herein constituted deliberate and outrageous indifference to Ms. Gelin's personal security, physical integrity, privacy and serious medical needs, which is shocking to the conscience.

97.   Defendant Fisher Richardson knew of and approved of the practices of the other Defendants whereby the safety of detainees suffering from mental illness were and would be deliberately ignored. Defendant Fisher's Richardson's misconduct in fact created or exacerbated the danger to Ms. Gelin.

93.

94.98.  The Named Defendants abused their authority by acting with deliberate indifference to, and with reckless, willful and callous disregard for, the known substantial risk of injury to Ms. Gelin, in deprivation of her constitutional rights.

95.99.  As a direct and proximate result of the foregoing deliberate indifference on the part of the Named Defendants, acting under color of the laws of the State of Maryland and/or and/or Baltimore County, Maryland, Ms. Gelin suffered serious physical injury, pain and suffering, consciousness of her own impending death and death.

96.100.       For the foregoing deprivations of Ms. Gelin's rights to personal security, physical integrity and privacy, the Named Defendants are liable in their individual capacities for compensatory damages, as well as reasonable attorneys' fees and costs, as permitted under 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs Edward Gelin and Deborah Gelin, as personal representatives

of the Estate of Ashleigh Gelin, request that the Court enter judgment in their favor and against

Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins,

Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-~~10~~8, jointly and severally,

for compensatory damages in the amount of $5,000,00.00, punitive damages in the amount of

$10,000,000, reasonable attorneys' fees and costs, and for such other and further relief as this

Court may deem just and proper.

**COUNT II**
**42 U.S.C. § 1983 – Special Relationship**
**Against Defendants ~~Fisher~~Richardson, Shuman, Saint**
**Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard,**
**White, Lux, Lightner, Luckett, John and Jane Doe 1-~~10~~8**

~~97.~~101.        Plaintiff hereby incorporates the factual allegations contained in the

previous paragraphs of this First Amended Complaint as if fully restated herein.

~~98.~~102.        This Count arises under 42 U.S.C. § 1983, and is alleged against

Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins,

Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-~~10~~8, jointly and severally,

for their actions, omissions, supervision, or supervisory directives cause, and/or knowingly

acquiescing in personnel's decisions to refuse to safeguard Ms. Gelin by failing to provide

adequate mental health treatment and/or medication or, in the alternative, by failing to place Ms.

Gelin on special observation and by failing to conduct regular watch tours and formal inmate

counts, among other things, thereby causing the deprivation of Ms. Gelin's constitutional rights

to personal security and protection under the Fourteenth Amendment to the Constitution.

103.    At all times relevant hereto, these Defendants were acting under color of the laws

of the State of Maryland and/or Baltimore County, Maryland as individuals working at BCDC

and as employees and/or agents of Baltimore County, Maryland and/or Correct Care.

~~99.    At all times relevant hereto, the Named Defendants were acting under color of the laws of the State of Maryland and/or Baltimore County, Maryland.~~

~~100.~~104.    These ~~Named~~ Defendants were responsible for providing Ms. Gelin, who was in their custody and control, with appropriate medical and psychological care in a safe environment while she was confined pursuant to their authority.

~~101.~~105.    Defendants took complete custody of, and exerted physical control over, Ms. Gelin. Thus, a special relationship existed between Ms. Gelin and the Defendants.

~~102.~~106.    The special relationship between these ~~Named~~ Defendants and Ms. Gelin, and their responsibility to provide reasonably safe conditions to Ms. Gelin during her confinement imposed a duty upon these Defendants to protect Ms. Gelin from deprivation of her clearly-established constitutional rights to personal security, physical integrity and personal privacy under the Due Process Clause of the Fourteenth Amendment to the Constitution.

~~103.~~107.    The complete disregard of proper attention and supervision by these ~~Named~~ Defendants, including but not limited to, their conscious disregard for Ms. Gelin's serious medical and psychological need for treatment and/or medication, among other things, constituted deliberate and outrageous indifference on the part of these Defendants to the known and foreseeable dangers and risks of harm that Ms. Gelin, or a similarly situated detainee, would attempt to hurt themselves or commit suicide.

~~104.~~108.    The complete disregard of proper attention and supervision by these ~~Named~~ Defendants, including their conscious disregard for the Department of Corrections Directive ("DOC Directive") and policies requiring Formal Inmate Counts and Watch Tours, among other things, constituted deliberate and outrageous indifference on the part of these defendants to the known and foreseeable dangers and risk of harms that Ms. Gelin, or a similarly

situation detainee, would attempt to hurt themselves or commit suicide.

105.109.     The complete disregard of proper attention and supervision by these Named Defendants, including their conscious disregard for the Department of Corrections Directive ("DOC Directive") and policies and their failure to separate Ms. Gelin from the other inmates with whom she had previously had altercations with and/or was bullied by and called names, among other things, constituted deliberate and outrageous indifference on the part of these defendants to the known and foreseeable dangers and risk of harms that Ms. Gelin, or a similarly situation detainee, would attempt to hurt themselves or commit suicide.

106.110.     The complete disregard of proper attention and supervision by these Named Defendants, including but not limited to, their conscious disregard for the DOC Directive and policies requiring inmates in need of mental health treatment to be placed on special observation status, constituted deliberate and outrageous indifference on the part of these Defendants to the known and foreseeable dangers and risks of harm that Ms. Gelin, or a similarly situated detainee, would attempt to hurt themselves or commit suicide.

107.111.     Defendant Fisher Richardson knew and approved of the practices of the other Defendants whereby the safety of detainees suffering from mental illness and/or in need of immediate medical attention were and would be deliberately ignored. Defendant Richardson's misconduct in fact created or exacerbated the danger to Ms. Gelin.

108.112.     These Named Defendants' misconduct constituted deliberate and outrageous indifference to Ms. Gelin's personal security, physical integrity, privacy and serious medical and mental health needs, which is shocking to the conscience.

109.113.     These Named Defendants, by failing to adhere to the DOC Directive and required policies and by failing to provide adequate medical and/or mental health treatment and

medication, or, in the alternative, by failing to place Ms. Gelin on special observation status, abused their authority by acting with deliberate and outrageous indifference to, and with reckless, willful and callous disregard for, the known substantial risk of harm and/or injury to Ms. Gelin, in deprivation of her constitutional rights.

110.114.    As a direct and proximate result of the foregoing deliberate indifference on the part of these -Named- Defendants, acting under color of the laws of the State of Maryland and/or Baltimore County, Maryland, Ms. Gelin suffered serious physical injury, pain and suffering, consciousness of his own impending death and death.

111.115.    For the foregoing deprivations of Ms. Gelin's rights to personal security, physical integrity and privacy, these -Named- Defendants are liable in their individual capacities for compensatory damages, as well as reasonable attorneys' fees and costs, as permitted under 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffss Edward Gelin and Deborah Gelin, as personal representatives of the Estate of Ashleigh Gelin, request that the Court enter judgment in their favor and against Defendants Richardson-Fisher, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-108, jointly and severally, for compensatory damages in the amount of $5,000,00.00, punitive damages in the amount of $10,000,000, reasonable attorneys' fees and costs, and for such other and further relief as this Court may deem just and proper.

**COUNT III**
**42 U.S.C. § 1983 – State Created Danger**
**Against Defendants Fisher Richardson, Shuman, Saint**
**Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard,**

**White, Lux, Lightner, Luckett, John and Jane Doe 1-~~10~~8**

~~112.~~116.  Plaintiffs hereby incorporates the factual allegations contained in the previous paragraphs of this First Amended Complaint as if fully restated herein.

~~113.~~117.   This Count arises under 42 U.S.C. § 1983, and is alleged against Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-~~10~~8, jointly and severally, for their actions, omissions, supervision, or supervisory directives causing, and/or knowingly acquiescing in personnel's decisions to refuse to safeguard Ms. Gelin by failing to provide Ms. Gelin with proper mental health and/or medical treatment and medication and failing to place Ms. Gelin on special observation and by confining Ms. Gelin in a unmonitored and unattended jail cell where she was left with the materials and opportunity to take her own life, thereby causing the deprivation of Ms. Gelin's constitutional rights to personal security and protection under the Fourteenth Amendment to the Constitution.

~~114.~~118.   At all times relevant hereto, these Defendants were acting under color of the laws of the State of Maryland and/or Baltimore County, Maryland as individuals working at BCDC and as employees and/or agents of Baltimore County, Maryland and/or Correct Care~~At all times relevant hereto, the Named Defendants were acting under color of the laws of the State of Maryland and/or Baltimore County, Maryland~~.

~~115.~~119.   At all times relevant hereto, Ms. Gelin was involuntarily committed to the care and custody of Defendants, thereby creating a special relationship between the Defendants and Ms. Gelin.

~~116.~~120.   The conduct of the~~se~~ ~~Named~~ Defendants, by confining Ms. Gelin alone in a jail cell, unattended, unmonitored, with infrequently conducted rounds and watch tours of the

housing unit, and with the means and opportunity to take her own life, only hours after she reported hearing voices, was kicking and screaming, expressed her concern regarding the lack of medication she was receiving, and was referred to psychology, among other things, constituted deliberate and outrageous indifference on the part of Defendants to the known mental health and medical needs of Ms. Gelin and to the known and foreseeable risks and dangers that Ms. Gelin was exposed to while in the care and custody of Defendants.

117.121.   The conduct of these Named Defendants, by confining Ms. Gelin alone in a jail cell, unattended, unmonitored with infrequently conducted rounds and watch tours of the housing unit, and with the means and opportunity to take her own life, without placing Ms. Gelin on special observation status due to her mental health needs, among other things, constituted deliberate and outrageous indifference on the part of these Named Defendants to the known mental health and medical needs of Ms. Gelin and to the known and foreseeable risks and dangers that Ms. Gelin was exposed to while in the care and custody of BCDC.

118.122.   The conduct of these Named Defendants, by failing to separate Ms. Gelin from the other inmates who she had previously had altercations with and/or been bullied by and called names, among other things, constituted deliberate and outrageous indifference on the part of these Named Defendants to the known and foreseeable risks and dangers that Ms. Gelin was exposed to and the known mental health needs of Ms. Gelin while in the care and custody of BCDC.

119.123.   Defendant Fisher Richardson knew of and approved of the practices of the other Defendants whereby the safety of detainees suffering from mental health illnesses were and would be deliberately ignored.

120.124.   Defendants abused their authority by acting with deliberate indifference to, and

with reckless, willful and callous disregard for, the known mental illness of Ms. Gelin and the substantial risk of injury to Ms. Gelin, in deprivation of her constitutional rights.

~~121.~~125.   As a direct and proximate result of the foregoing deliberate indifference on the part of the~~se~~ ~~Named~~ Defendants, in creating the danger that Ms. Gelin would in fact take her life, such actions or omissions by Defendants being under color of law, Ms. Gelin suffered serious physical injury, pain and suffering, consciousness of her own impending death and death.

~~122.~~126.   For the foregoing deprivations of Ms. Gelin's rights to personal security, physical integrity and privacy, the~~se~~ ~~Named~~ Defendants are liable in their individual capacities for compensatory damages, as well as reasonable attorneys' fees and costs, as permitted under 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs Edward Gelin and Deborah Gelin, as personal representatives of the Estate of Ashleigh Gelin, request that the Court enter judgment in their favor and against Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-~~108~~, jointly and severally, for compensatory damages in the amount of $5,000,00.00, punitive damages in the amount of $10,000,000, reasonable attorneys' fees and costs, and for such other and further relief as this Court may deem just and proper.

Formatted: Indent: Left: 0", First line: 0.31", Tab stops: Not at 0.31" + 0.56"

## COUNT IV
### 42 U.S.C. § 1983 – *Monell* Claim
### Against Defendants Baltimore County and ~~Fisher~~Richardson

~~123.~~127.   Plaintiffs hereby incorporates the factual allegations included in the previous paragraphs of this First Amended Complaint as if fully restated herein.

0012647;2                                    31

124.128. This Count is alleged against Defendants Baltimore County and Defendant ~~Jay R.~~Deborah Richardson ~~Fisher, Sheriff of Baltimore County~~Director of the Department of Corrections, in ~~his~~er official capacity (collectively "Public Entity Defendants").

125.129. This Count arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S. Constitution.

126.130. The deprivation of Ms. Gelin's constitutional rights, including but not limited to, the deliberate indifference to and reckless disregard of her serious medical and psychological needs and safety, as set forth herein, were the direct and proximate results of the Public Entity Defendants' longstanding customs, policies, training and practices in effect at all relevant times hereto.

127.131. These longstanding customs, policies, training and practices constitute the Public Entity Defendants' standard operating procedure.

128.132. Such policies, customs, and/or practices include, *inter alia*: an ongoing pattern and practice of deliberate indifference and reckless disregard to the health needs and safety of BCDC detainees; the practice of failing to provide adequate mental health treatment and or medication for health needs and safety of BCDC detainees; the practice of failing to place BCDC detainees suffering from mental illness on special observation status as required by the Department of Corrections Directive and required policies; the practice of failing to equip jail cells with vents compliant with national standards to prevent suicide by hanging; the practice of failing to separate BCDC detainees who have had previous altercations, the practice of failing to provide medications to BCDC detainees placed on detox and/or withdraw protocol; the practice of failing to properly train and/or supervise BCDC professionals regarding the treatment of mentally ill, substance-abusing/addicted, and/or potentially suicidal detainees; the practice of

failing to comply with medical professionals' judgments and/or orders regarding procedures for mentally ill, substance-abusing/addicted, and/or potentially suicidal detainees; the policy or custom of placing detainees who are potential suicide threats in areas of BCDC that are not continuously visible to staff members; the policy, custom, or practice of permitting detainees who are mentally ill, substance-abusing/addicted, and/or potentially suicidal to be housed in cells that have the means and instrumentalities to commit suicide; and the policy, custom or practice of failing to conduct formal inmate counts and watch tours in compliance with the Department of Corrections Directive, among other things.

129.133.  The Public Entity Defendants expressly or tacitly encouraged, ratified and/or approved of the acts and/or omissions alleged herein, and knew that such conduct was unjustified and would result in violations of Constitutional Rights.

130.134.  As a result of the foregoing, Ms. Gelin was subjected to severe pain, mental anguish, distress, economic damages, serious physical injury, and death, which were a direct and proximate result of the Public Entity Defendants' customs, policies, and/or practices.

131.135.  For the foregoing deprivations of Ms. Gelin's rights to personal security, physical integrity and privacy, the Public Entity Defendants are liable in the official capacities for compensatory damages, as well as reasonable attorneys' fees and costs, as permitted under U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs Edward Gelin and Deborah Gelin, as personal representatives of the Estate of Ashleigh Gelin, request that the Court enter judgment in their favor and against Defendants Baltimore County and Jay R. FisherDeborah Richardson, jointly and severally, for compensatory damages in the amount of $5,000,00.00, punitive damages in the amount of $10,000,000, reasonable attorneys' fees and costs, and for such other and further relief as this

Court may deem just and proper.

**COUNT V**
**Maryland Declaration of Rights – Article 24**
**Against Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr,**
**Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett, John and Jane Doe 1-~~10~~8**

~~132.~~136.   Plaintiffs hereby incorporates the factual allegations contained the previous

paragraphs of this First Amended Complaint as if fully restated herein.

~~133.~~137.   This Count is brought under the Maryland Declaration of Rights, Article 24, and

is alleged against Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr,

Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-~~10~~8, in

their official capacity.

~~134.~~138.   At all times relevant hereto, the~~se~~ ~~Named~~ Defendants, were employees and/or

agents of Baltimore County, Maryland and/or Correct Care and acted under color of law, and

under color of statutes, customs, policies and usages of the State of Maryland as individuals

working at BCDC.

~~135.~~139.   Defendant ~~Fisher~~ Richardson administered the Department of Corrects and was in

charge of all persons employed by the county to operate the detention facilities~~supervised~~

~~BCDC~~ and knew and approved of the practices of the other Defendants whereby the safety of

detainees suffering from mental illness and immediate medical needs were and would be

deliberately ignored.

~~136.~~140.   At all times relevant hereto, Ms. Gelin enjoyed the protections of Article 24 of the

Maryland Declaration of Rights, prohibiting egregious deprivations of the rights to safety,

bodily integrity, and personal security without due process of law.

137.141.  Throughout Ms. Gelin's incarceration, these ~~Named~~ Defendants were subject to the constitutional obligation guaranteed to Ms. Gelin, and similarly situated detainees under Article 24 of the Maryland Declaration of Rights, to take all reasonable measures to guarantee detainee's clearly established rights to safety, bodily integrity, and personal security.

138.142.  These ~~Named~~ Defendants and Defendant Baltimore County, Maryland violated Ms. Gelin's right to safety, bodily integrity and personal security when they abused their authority by acting with deliberate indifference to, and with reckless, willful and callous disregard for Ms. Gelin's medical and mental health needs and the known and substantial risk of injury or harm in deprivation of her constitutional rights, including necessary mental health and medical care and treatment.

139.143.  As a direct and proximate result of the violation of Ms. Gelin's rights to safety, bodily integrity and personal security by these ~~Named~~ Defendants and Baltimore County, Maryland, Ms. Gelin experienced severe pain and suffering, mental anguish, and death, and was caused economic damages (including loss of income).

140.144.  All of the actions and/or omissions of these ~~Named~~ Defendants and Baltimore County, Maryland occurred within the scope of their performing duties as employees and/or agents of Baltimore County, Maryland and/or Correct Care and within the scope of their employment or agency.

WHEREFORE, Plaintiffs Edward Gelin and Deborah Gelin, as personal representatives of the Estate of Ashleigh Gelin, request that the Court enter judgment in their favor and against Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-~~108~~, jointly and severally, for compensatory damages in the amount of $5,000,00.00, punitive damages in the amount of

$10,000,000, reasonable attorneys' fees and costs, and for such other and further relief as this Court may deem just and proper.

**COUNT VI**
**Maryland Declaration of Rights – Articles 16 & 25**
**Against Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett, John and Jane Doe 1-~~108~~**

Formatted: Centered, Tab stops: 0.31", Left

~~141.~~145.   Plaintiffs hereby incorporate the factual allegations contained in the previous paragraphs of this First Amended Complaint as if fully restated herein.

~~142.~~146.   This Count is brought under the Maryland Declaration of Rights, Articles 16 and 25, and is alleged against the~~se~~ ~~Named~~ Defendants, in their representative capacity as agents/employees of Baltimore County, Maryland.

~~143.~~147.   At all times relevant hereto, the~~se~~ ~~Named~~ Defendants, were employees and/or agents of Baltimore County, Maryland and/or Correct Care and acted under color of law, and under color of statutes, customs, policies and usages of the State of Maryland as individuals working at BCDC.

~~144.~~       Defendant ~~Fisher~~ Richardson administered the Department of Corrects and was in charge of all persons employed by the county to operate the detention facilities and knew and approved of the practices of the other Defendants whereby the safety of detainees suffering from mental illness and immediate medical needs were and would be deliberately ignored. ~~supervised BCDC and knew and approved of the practices of the other Defendants whereby the safety of detainees suffering from mental illness and immediate medical needs were and would be deliberately ignored.~~

0012647;2                                  36

148.

145.149.   At all times relevant hereto, Ms. Gelin enjoyed the protections of Articles 16 and 25 of the Maryland Declaration of Rights, prohibiting the use of cruel and unusual punishment.

146.150.   Throughout Ms. Gelin's incarceration, these Named Defendants were subject to the constitutional obligation guaranteed to Ms. Gelin and similarly situated detainees under Articles 16 and 25 of the Maryland Declaration of Rights and were prohibited from employing punishment that did not conform with the basic concept of human dignity or was considered cruelly inhumane or disproportionate to the offense.

147.151.   These Named Defendants and Baltimore County, Maryland violated Ms. Gelin's right against cruel and unusual punishment when they deliberately ignored Ms. Gelin's medical and mental health needs, including their failure to place her on special observation status as required by the DOC Directive. The Defendant's actions and/or omissions were grossly disproportionate to Ms. Gelin's offense and constituted cruel and unusual punishment in violation of Articles 16 and 25 of the Maryland Declaration of Rights.

148.152.   As a direct and proximate result of the violation of the cruel and unusual punishment clause by these Named Defendants and Baltimore County, Maryland, Ms. Gelin was deprived of necessary medical and mental health treatment and medication and experienced severe pain and suffering, mental anguish, and death, and was caused economic damages (including loss of income).

149.153.   All of the actions and/or omissions of these Named Defendants and Baltimore County, Maryland occurred within the scope of their performing duties as employees and/or agents of Baltimore County, Maryland and/or Correct Care and within the scope of their employment or agency.

WHEREFORE, Plaintiffs Edward Gelin and Deborah Gelin, as personal representatives of the Estate of Ashleigh Gelin, request that the Court enter judgment in their favor and against Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-~~108~~8, jointly and severally, for compensatory damages in the amount of $5,000,00.00, punitive damages in the amount of $10,000,000, reasonable attorneys' fees and costs, and for such other and further relief as this Court may deem just and proper.

**COUNT VII**
Negligence – Survival
**Against Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury,**
**Rawlins, Quisguard, White, Lux, Lightner, Luckett, John and Jane Doe 1-~~810~~**

~~150.~~154.  Plaintiffs hereby incorporate the factual allegations contained in the previous paragraphs of this First Amended Complaint as if fully restated herein.

~~151.~~155.  This Count is brought pursuant to Md. Code Ann., Cts. & Jud. Proc., § 6-401, *et seq.* (survival claim), and is alleged against the~~se~~ ~~Named~~ Defendants, in their capacity as agents/employees of Baltimore County, Maryland.

~~152.~~156.  At all times relevant hereto, the~~se~~ ~~Named~~ Defendants were employees and/or agents of Baltimore County, Maryland and/or Correct Care and acted under color of law, and under color of statutes, customs, policies and usages of the State of Maryland as individuals working at BCDC.

~~153.~~157.  Defendant ~~Fisher~~ Richardson administered the Department of Corrects and was in charge of all persons employed by the county to operate the detention facilities and knew and

approved of the practices of the other Defendants whereby the safety of detainees suffering from mental illness and immediate medical needs were and would be deliberately ignored. supervised BCDC and knew and approved of the practices of the other Defendants whereby the safety of detainees suffering from mental illness and immediate medical needs were and would be deliberately ignored.

154.158.  Defendants owed Ms. Gelin, as a detainee under the complete custody, control and care of BCDC, a duty of care.

155.159.  Defendants were negligent and breached their duties of care by, *inter alia*: 1) failing to properly train, supervise and monitor employees to respond to detainees mental health and medical needs and to protected such individuals in their custody from suicide; 2) failing to place Ms. Gelin on special observation status as required by the Department of Correction Directive and required policy; 3) failing to provide Ms. Gelin with proper mental health and medical treatment and/or medication upon admission to BCDC and while incarcerated; 4) failing to protect Ms. Gelin and to prevent her suicide; 5) failing to conduct watch tours and formal inmate counts as required by the Department of Corrections Directive and required policy; 6) failing to respond to other inmates' yelling and screaming for help during Ms. Gelin's pending death; 7) failing to conduct watch tours at least every hour in general population and segregation housing; 8) failing to recognize Ms. Gelin's risk of suicide; 9) failing to ensure that a detainee was deprived of the means to effectuate suicide while in an unmonitored and unattended jail cell, among other things.

156.160.  As a direct and proximate result of the foregoing negligence and indifference on the part of the Defendants, Ms. Gelin suffered serious physical injury, pain, and suffering consciousness of her own impending death, and death.

157.161.  All of Defendants' actions occurred within the scope of their performing duties as

nd-employees and/or agents of Baltimore County, Maryland or Correct Care., and within the

scope of their employment and/or agency.

WHEREFORE, Plaintiffs Edward Gelin and Deborah Gelin, as personal representatives of

the Estate of Ashleigh Gelin, request that the Court enter judgment in their favor and against

Defendants FisherRichardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins,

Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-810, jointly and severally,

for compensatory damages in the amount of $5,000,00.00, punitive damages in the amount of

$10,000,000, reasonable attorneys' fees and costs, and for such other and further relief as this

Court may deem just and proper.

**COUNT VIII**
**Gross Negligence – Survival**
**Against Defendants FisherRichardson, Shuman, Saint Fleur, Titus, Sevier, Bahr,**
**Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett, John and Jane Doe 1-108**

158.162.  Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 – 152 of

this First Amended Complaint as if fully restated herein.

159.163.  This Count is brought pursuant to Md. Code Ann., Cts. & Jud. Proc., § 6-401, *et*

*seq.* (survival claim), and is alleged against Defendants FisherRichardson, Shuman, Saint Fleur,

Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and John and

Jane Does 1-10, in their capacity as employees/agents of Baltimore County, Maryland.

164.      At all times relevant hereto, these Defendants were employees and/or agents of

Baltimore County, Maryland and/or Correct Care and acted under color of law, and under color

of statutes, customs, policies and usages of the State of Maryland as individuals working at

BCDC.

160.    At all times relevant hereto, the Named Defendants were employees of Baltimore County, Maryland and acted under color of law, and under color of statutes, customs, policies and usages of the State of Maryland.

165.    Defendant Fisher Richardson administered the Department of Corrections and was in charge of all persons employed by the county to operate the detention facilities and knew and approved of the practices of the other Defendants whereby the safety of detainees suffering from mental illness and immediate medical needs were and would be deliberately ignored.

161.    supervised BCDC and knew and approved of the practices of the other Defendants whereby the safety of detainees suffering from mental illness and immediate medical needs were and would be deliberately ignored.

162.166.    Defendants owed Ms. Gelin, as a detainee under the complete custody, control and care of BCDC, a duty of care.

163.167.    Defendants acted with reckless indifference and/or willful disregard of their duty to provide for Ms. Gelin's health, safety and security by denying her the medical care they knew her condition demanded and by failing to place Ms. Gelin on special observation status while she waited to be seen by a psychologist, and by confining Ms. Gelin alone in an unmonitored and unattended jail cell with the means to take her own life.

164.168.    As a direct and proximate result of the foregoing gross negligence and deliberate indifference on the part of the Defendants, Ms. Gelin suffered serious physical injury, pain, and suffering consciousness of her own impending death, and death.

165.169.    As a direct and proximate result of the foregoing gross negligence and

indifference on the part of persons covered by the Maryland Tort Claims Act and acting or failing to act for and on behalf of the State and within the scope of their employment, and/or agency and/or authority, Ms. Gelin's parents have suffered, and will in the future suffer: mental anguish, emotional pain and suffering, loss of society, companionship, income, comfort, protection, attention, advice, counsel, training and guidance, and have incurred expenses for medical care and Ms. Gelin's funeral expenses, and have otherwise been injured and damaged.

166.170.   All of Defendants' actions occurred within the scope of their performing duties as̶nd employees and/or agents of Baltimore County, Maryland and/or Correct Care, and within the scope of their employment and/or agency.

WHEREFORE, Plaintiffs Edward Gelin and Deborah Gelin, as personal representatives of the Estate of Ashleigh Gelin, request that the Court enter judgment in their favor and against Defendants Fisher Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-10 8, jointly and severally, for compensatory damages in the amount of $5,000,00.00, punitive damages in the amount of $10,000,000, reasonable attorneys' fees and costs, and for such other and further relief as this Court may deem just and proper.

**COUNT IX**
**Negligence – Wrongful Death**
**Against Defendants Fisher Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr,**
**Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett, John and Jane Doe 1-10**

167.171.   Plaintiffs hereby incorporate the factual allegations contained in the previous paragraphs of this First Amended Complaint as if fully restated herein.

168.172.   This Count is brought pursuant to Md. Code Ann., Cts. & Jud. Proc., § 3-901, *et*

*seq.* (wrongful death claim), and is alleged against Defendants ~~Fisher~~Richardson, Shuman, Saint

Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and

John and Jane Does 1-10, in their capacity as employees/agents of Baltimore County, Maryland.

173.    At all times relevant hereto, these Defendants were employees and/or agents of

Baltimore County, Maryland and/or Correct Care and acted under color of law, and under color

of statutes, customs, policies and usages of the State of Maryland as individuals working at

BCDC.

~~169.      At all times relevant hereto, the Named Defendants were employees of Baltimore~~

~~County, Maryland and acted under color of law, and under color of statutes, customs, policies~~

~~and usages of the State of Maryland.~~

174.    Defendant ~~Fisher~~ Richardson administered the Department of Corrections and

was in charge of all persons employed by the county to operate the detention facilities and knew

and approved of the practices of the other Defendants whereby the safety of detainees suffering

from mental illness and immediate medical needs were and would be deliberately ignored.

~~170.      supervised BCDC and knew and approved of the practices of the other~~

~~Defendants whereby the safety of detainees suffering from mental illness and immediate medical~~

~~needs were and would be deliberately ignored.~~

~~171.~~175.  Defendants owed Ms. Gelin, as a detainee under the complete custody, control

and care of BCDC, a duty of care.

~~172.~~176.  Defendants acted with reckless indifference and/or willful disregard of their duty

to provide for Ms. Gelin's health, safety and security by denying her the medical care they knew

her condition demanded and by failing to place Ms. Gelin on special observation status while she

waited to be seen by a psychologist, and by confining Ms. Gelin alone in an unmonitored and

unattended jail cell with the means to take her own life.

~~173.~~177.   As a direct and proximate result of the foregoing gross negligence and deliberate indifference on the part of the Defendants, Ms. Gelin suffered serious physical injury, pain, and suffering consciousness of her own impending death, and death.

~~174.~~178.   As a direct and proximate result of the foregoing gross negligence and indifference on the part of persons covered by the Maryland Tort Claims Act and acting or failing to act for and on behalf of the State and within the scope of their employment, and/or agency and/or authority, Ms. Gelin's parents have suffered, and will in the future suffer: mental anguish, emotional pain and suffering, loss of society, companionship, income, comfort, protection, attention, advice, counsel, training and guidance, and have incurred expenses for medical care and Ms. Gelin's funeral expenses, and have otherwise been injured and damaged.

~~175.~~179.   All of Defendants' actions occurred within the scope of their performing duties and employees and/or agents of Baltimore County, Maryland and/or Correct Care, and within the scope of their employment and/or agency.

WHEREFORE, Plaintiffs Edward Gelin and Deborah Gelin, as Mother and Father of the deceased, Ashleigh Gelin, request that the Court enter judgment in their favor and against Defendants ~~Fisher~~Richardson, Shuman, Saint Fleur, Titus, Sevier, Bahr, Salisbury, Rawlins, Quisguard, White, Lux, Lightner, Luckett and John and Jane Does 1-~~10~~8, jointly and severally, for compensatory damages in the amount of $5,000,00.00, punitive damages in the amount of $10,000,000, reasonable attorneys' fees and costs, and for such other and further relief as this Court may deem just and proper.

**COUNT X**
**Negligent Hiring, Retention and/or Supervision**
**Against Defendants Baltimore County, ~~Fisher~~Richardson, Correct Care,**
**and John and Jane Doe 1-8~~10~~**

~~176.~~180.   Plaintiffs hereby incorporate the factual allegations contained in the previous

paragraphs of this First Amended Complaint as if fully restated herein.

~~177.          At all times relevant hereto, these Defendants Baltimore County, Fisher, and John~~

~~and Jane Does 1-10 were in charge of hiring, retention and supervision of the employees and/or~~

~~agents of BCDC.~~

181.          ~~At all times relevant hereto, the Named Defendants were employees and or agents~~

~~of BCDC and~~ were employees and/or agents of Baltimore County, Maryland and/or Correct Care

and acted under color of law, and under color of statutes, customs, policies and usages of the

State of Maryland as individuals working at BCDC.

~~178.          were acting under color of law and color of statutes, custom and policies of the~~

~~State of Maryland.~~

~~179.~~182.   The~~se~~ ~~Named~~Defendants acted with reckless indifference and/or willful

disregard of their duty to provide for Ms. Gelin's health, safety and security by denying her the

medical care they knew her condition demanded and by failing to place Ms. Gelin on special

observation status while she waited to be seen by a psychologist, and by confining Ms. Gelin

alone in an unmonitored and unattended jail cell with the means to take her own life.

~~180.~~183.   As a direct and proximate result of the foregoing negligence and deliberate

indifference on the part of the Defendants, Ms. Gelin suffered serious physical injury, pain and

suffering, consciousness of her own impending death, and death.

~~181.~~184.   At all times relevant hereto, Defendants Baltimore County, ~~Fisher~~Richardson,

Correct Care, and John and Jane Does 1-~~108~~ and knew of and approved of the practices of the other Defendants whereby the safety of detainees suffering from mental illness and immediate medical needs were and would be deliberately ignored.

~~182.~~185. As a direct and proximate result of the Defendants Baltimore County, Maryland, ~~Fisher~~ Richardson, Correct Care and John and Jane Does 1- ~~108~~ foregoing negligence in hiring or retaining and/or failing to properly supervise the other Defendants, Ms. Gelin suffered serious physical injury, pain and suffering, consciousness of her own impending death, and death, among other things.

WHEREFORE, Plaintiffs Edward Gelin and Deborah Gelin, as personal representatives of the Estate of Ashleigh Gelin, request that the Court enter judgment in their favor and against Defendants Baltimore County, ~~Jay R. Fisher~~ Richardson, Correct Care, and John and Jane Does 1-~~108~~, jointly and severally, for compensatory damages in the amount of $5,000,00.00, punitive damages in the amount of $10,000,000, reasonable attorneys' fees and costs, and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

___/s/ Steven R. Freeman_____
Steven R. Freeman (Bar No. 02927)
Lee B. Rauch (Bar No. 12135)
Freeman Rauch, LLC
409 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 842-6600 - phone
(410) 825-1316 - fax
srf@freemanrauch.com
lbr@freemanrauch.com

Attorneys for Plaintiffs,
Deborah and Edward Gelin

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury with respect to each of the claims alleged herein.


_____/s/ Steven R. Freeman_____
Steven R. Freeman (Bar No. 02927)