IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD GELIN, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. GLR-16-3694 |
| BALTIMORE COUNTY, MARYLAND, et al., | : | |
| | : | |
| Defendants. | | |

### MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Correct Care Solutions, LLC's ("Correct Care") Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 17). Also before the Court is Baltimore County, Maryland's Motion to Dismiss Defendants John and Jane Does 1–8 ("Doe Defendants 1–8") and Deborah J. Richardson (ECF No. 16). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Correct Care's Motion and deny Baltimore County's Motion.[1]

### I.   BACKGROUND[2]

Ashleigh Gelin ("Ms. Gelin") was admitted to the Baltimore County Detention Center ("BCDC") on November 4, 2013. (Am. Compl. ¶ 30, ECF No. 12). Baltimore

---

[1] Also pending is Baltimore County Sheriff Jay R. Fisher's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 9). On February 8, 2017, the Court terminated Sheriff Fisher from the case. (ECF No. 12). Accordingly, Sheriff Fisher's Motion will be denied as moot.

[2] Unless otherwise noted, the Court takes the following facts from the Gelins' Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

County employs Correct Care to provide healthcare at BCDC. (Id. ¶ 10). Upon Ms. Gelin's admission, Correct Care noted her history of mental illness and signs of benzodiazepine and opiate addiction, withdrawal, bipolar disorder, depression, and psychosis. (Id. ¶¶ 31–35). BCDC and Correct Care staff, however, did not provide her with medication, failed to timely refer her to mental health professionals, did not sufficiently protect her from abusive fellow inmates, and did not place her on special observation. (Id. ¶¶ 41, 44–46, 48, 50, 53, 54). Ms. Gelin then took her own life on November 14, 2013. (Id. ¶¶ 55, 58).

On November 11, 2016, Ms. Gelin's parents, Edward and Deborah Gelin (the "Gelins") sued Baltimore County, Baltimore County Sheriff Jay R. Fisher, and BCDC employees Kyle Shuman, Roselor Saint Fleur, Victoria Titus, Jennifer Sevier, Diane Bahr, Michael Salisbury II, Michelle Rawlins, Nicholas Quisguard, Myesha White, Joseph Lux, Gregory Lightner, Carl Luckett, and Doe Defendants 1–10 (the "Original Complaint"). (See Compl., ECF No. 1). The Gelins alleged the following counts: violations of Ms. Gelin's constitutional rights under 42 U.S.C. § 1983 (2012) against all the individually named Defendants (Counts I–III); violations of Ms. Gelin's constitutional rights under § 1983 against Baltimore County and Sheriff Fisher (Count IV); violations of the Maryland Declaration of Rights against all the individually named Defendants (Counts V–VI); Negligence, Gross Negligence, and Wrongful Death against all the individually named Defendants (Counts VII–IX); and Negligent Hiring, Retention, and/or Supervision against Baltimore County, Sheriff Fisher, and Doe Defendants 1–10

2

(Count X). (See id. ¶¶ 87–182). For all Counts, the Gelins seek compensatory and punitive damages, as well as attorneys' fees and costs. (Id.).

On February 8, 2017, the Gelins filed an Amended Complaint. (See Am. Compl.). In the Original Complaint, the Gelins alleged that Sheriff Fisher was "in charge of managing and operating BCDC." (Compl. ¶ 10). The Gelins amended their complaint to allege that instead, Richardson was "responsible for administering the Department of Corrections and in charge of all persons employed by the County to operate BCDC," (Am. Compl. ¶ 11). The Gelins further amended their Complaint to reflect that Defendants Shuman, Saint Fleur, Titus, Sevier, and Bahr were employed by Correct Care and were acting as agents of Correct Care and Baltimore County. (Id. ¶¶ 12–17). The Gelins correspondingly amended their Complaint to allege that Correct Care was liable for Negligent Hiring, Retention, and/or Supervision. (Id. ¶¶ 180–85).

Baltimore County filed its Motion to Dismiss on behalf of Richardson and Doe Defendants 1–8 on March 6, 2017. (ECF No. 16). Correct Care filed its Motion to Dismiss or, in the Alternative, for Summary Judgment, on March 7, 2017. (ECF No. 17). The Gelins filed Responses to Baltimore County's and Correct Care's Motions on March 20 and March 21, 2017, respectively. (ECF Nos. 20, 21). Correct Care filed a Reply to the Gelins' Response on March 28, 2017. (ECF No. 22). To date, the Court has not received a Reply from Baltimore County.

## II. DISCUSSION

### A. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266,

268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**B.    Analysis**

Baltimore County moves to dismiss all Counts against Richardson and Doe Defendants 1–8 for failure to meet § 1983's statute of limitations.  Correct Care moves to dismiss the lone Count against it for failure to state a claim.  The Court considers each set of Defendants in turn.

### 1.    Deborah R. Richardson

The Gelins bring all ten Counts against Richardson.  Baltimore County moves to dismiss all Counts because the Gelins' Amended Complaint does not meet § 1983's statute of limitations.  "Section 1983 contains no statute of limitations and, consequently, it has been held that the most analogous state statute of limitations would apply." Duggan v. Town of Ocean City, 516 F.Supp. 1081, 1083 (D.Md. 1981).  In Maryland, that statute of limitations is three years.  Id.  The Gelins added Richardson as a Defendant on February 8, 2017, more than three years after Ms. Gelin's death on November 14, 2013.  (See Am. Compl.).  As a result, the only way the Gelins can meet § 1983's statute of limitations is by successfully relating the Amended Complaint back to the Original Complaint's filing on November 11, 2016 through Federal Rule of Civil Procedure 15(c). (See Compl.).

When a party challenges a Rule 15(c) amendment through a Rule 12(b)(6) motion, the purpose of the motion is to test the sufficiency of the amended complaint. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Because failure to meet the statute of limitations is an affirmative defense, a court "generally cannot reach the merits of an affirmative defense" unless "the amended complaint sets forth on its face the facts necessary to conclude that plaintiff's claims are barred by the statute of limitations." Id.

Under Rule 15(c), a plaintiff's amendment to a pleading relates back to the date of an original pleading when it: (1) "changes the party or the naming of the party" or "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;" (2) "received such notice of the action that it will not be prejudiced in defending on the merits;" and (3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(B), (C); see Goodman, 494 F.3d at 467.

Baltimore County argues that the Gelins do not successfully relate the Amended Complaint back to the Original Complaint's filing date because their amendment does not meet Rule 15(c)'s first or third requirements. The Court disagrees.

For the first requirement of Rule 15(c), the United States Court of Appeals for the Fourth Circuit has rejected a "restrictive reading of 'changes.'" Goodman, 494 F.3d at 469. Plaintiffs need not "drop a defendant for each defendant [they] add[]" so long as "the new party [received] notice within the limitations period of the same claims relating

to the transactions alleged in the original complaint . . ." and all the other requirements of Rule 15(c) are met. Id.

Baltimore County argues that the Gelins' amendment to include Richardson is not a change in party under Rule 15(c)'s first requirement because in effect, the amendment adds a new defendant. Baltimore County maintains that adding a new defendant is impermissible because relation-back doctrine only allows substituting parties. The Gelins, however, effectively substitute Richardson for Sheriff Fisher because they replace Sheriff Fisher with Richardson as the person in charge of BCDC. (Compare Compl. ¶ 10 with Am. Compl. ¶ 11). And even if the amendment adds Richardson as an additional party, the amendment would still be permissible because the Fourth Circuit has rejected a "restrictive reading of 'changes'" and explained that plaintiffs need not "drop a defendant for each defendant [they] add[]." Goodman, 494 F.3d at 469. Thus, the Court will not dismiss claims against Richardson for failure to meet the first requirement of Rule 15(c).[3]

For the third requirement of Rule 15(c), a court must determine what the "prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 554 (2010); see also Fed.R.Civ.P. 15(c)(1)(C)(ii). "The reasonableness of the mistake is not itself at issue." Id. at 549. Rather, a court focuses its

---

[3] At one point in their Amended Complaint, the Gelins characterize their amendment as substituting Richardson for Jane Doe 1. (Am. Compl. at 5). The Court itself must look to how "the amendment changes the party or the naming of the party[,]" rather than relying on a party's characterization of those changes. Fed.R.Civ.P. 15(c)(1)(C). In addition, substituting Richardson for Jane Doe 1 would still satisfy the first requirement of Rule 15(c) for the aforementioned reasons.

inquiry on "the defendant's understanding of whether the plaintiff made a mistake[,]" which encompasses every type of mistake, including "[a]n error, misconception, or misunderstanding . . ." Id. at 548 (internal quotation marks omitted) (alterations in original) (quoting Mistake, Black's Law Dictionary (9th ed. 2009)).

Baltimore County asserts that only a misnomer constitutes a mistake under the third requirement of Rule 15(c). Baltimore County ignores the Supreme Court's plain definition of "mistake" in Krupski, which includes mistakes other than misnomers. See id. Indeed, Baltimore County acknowledges that the Gelins' mistake fits the Supreme Court's definition by noting that "the plaintiff mistakenly identified a different individual, Sheriff Jay Fisher as the individual responsible [for BCDC.]" (Def.'s Mem. Supp. Mot. Dismiss at 6, ECF No. 16-1) (emphasis added). This is the very "misunderstanding" that the Supreme Court recognizes as a permissible mistake. Krupski, 560 U.S. at 548. Thus, the Court will not dismiss claims against Richardson for failure to meet the third requirement of Rule 15(c). Accordingly, the Court will not dismiss Richardson from the case.

### 2. Doe Defendants 1–8

Baltimore County contends that Doe Defendants 1–8 should be dismissed because, as a matter of law, the Gelins' mistake in naming them is not the type of mistake that may satisfy Rule 15(c). The Gelins respond that the Fourth Circuit rejected this argument in Goodman. The Court agrees with the Gelins.

When courts consider whether plaintiffs may substitute new parties for previous Doe defendants, the Fourth Circuit in Goodman opined that the 15(c) inquiry focuses "on

8

the new party." 494 F.3d at 471. Courts focus less on the type of mistake by the plaintiff and more on whether the new parties "were prejudiced or . . . did not have proper notice." Id. "Most parties substituted for 'Doe' defendants" would be prejudiced or would not have proper notice. Id. This is not an absolute bar, however, and this Court has recognized situations where it is appropriate to substitute a new party for a Doe defendant. See McDaniel v. Maryland, No. RDB-10-0189, 2010 WL 3260007, at *5–6 (D.Md. Aug. 18, 2010).

Here, the Gelins allege that there are 1–8 unidentified Baltimore County employees who contributed to their daughter's death. (Am. Compl. ¶ 26). Without an amendment before the Court, there is no "new party" for the Court to focus its inquiry. See Goodman, 494 F.3d at 471. As a result, the Court cannot determine—at this stage—whether future parties would be prejudiced by their addition to this action or would lack proper notice of the Original or Amended Complaints. Thus, the Court concludes that it will not dismiss any Counts against Doe Defendants 1–8 at this point for failure to meet § 1983's statute of limitations.

### 3. Correct Care

As a preliminary matter, Correct Care styles its Motion as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56, and the Court must decide how to construe the Motion. A motion styled in this manner implicates the Court's discretion under Rule 12(d). See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings

are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Charles Alan Wright & Arthur C. Miller, Federal Practice and Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)). Here, the Court, in its discretion, declines to accept the materials beyond the pleadings that the Parties offer and will only consider the allegations in the Complaint. Thus, the Court will construe the Motion as a motion to dismiss under Rule 12(b)(6).

The Gelins bring a claim for Negligent Hiring, Supervision and Retention against Correct Care. (Am. Compl. ¶¶ 180–85). This claim requires plaintiffs to show "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." Maryland v. Jones, 14 A.3d 1223, 1241 (Md.Ct.Spec.App. 2011) (citations omitted), rev'd on other grounds, 38 A.3d 333 (Md. 2012).[4] The negligence requirement means that an employer is not held liable simply because its employee was negligent. Economides v. Gay, 155

---

[4] The Parties agree that Maryland law applies. (See Pls.' Opp. at 11, ECF No. 21; Def.'s Reply at 7, ECF No. 22).

F.Supp.2d 485, 489 (D.Md. 2001) (citation omitted). Instead, a plaintiff must show failure "to use reasonable care in employing [a] particular employee." Id. at 490.

Here, Correct Care highlights that the Gelins fail to sufficiently plead the third and fifth elements of Negligent Hiring, Supervision, and Retention because they only plead facts concerning Correct Care's employees. The Gelins maintain that the facts, taken together, sufficiently state the third and fifth elements of their claim against Correct Care. The Court agrees with Correct Care.

The Gelins argue that they sufficiently state the third element of their claim because their allegations about the lower level employees' actions create a plausible inference that Correct Care should have known about those employees' incompetence. The Supreme Court's analysis in Ashcroft v. Iqbal is strikingly applicable here. There, as here, plaintiffs bore a burden of pleading the direct liability of an employer, and not indirect respondeat superior liability. 556 U.S. at 683. Plaintiffs in Iqbal alleged that lower level government employees' discriminatory practices evinced a purposefully discriminatory policy set by national law enforcement leaders. Id. at 682. The Supreme Court found that allegations of discrimination by lower level employees were "consistent with" plaintiffs' theory about the employer. Id. at 681. But the Court concluded that mere consistency with other factual allegations are not sufficient for allegations to be plausible. Id. at 678 (quoting Twombly, 550 U.S. at 557). Here, the Gelins similarly argue that their allegation that the lower level employees failed to deliver adequate medical care creates two plausible inferences—that the employer should have known about those employees' incompetence and that Correct Care was negligent in its hiring or

11

retention of those employees. (Am. Compl. ¶¶ 184–85). While factual allegations about Correct Care's employees are "merely consistent with" the Gelins' conclusions about Correct Care as an employer, this consistency is insufficiently plausible. See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted). Thus, the Court concludes that the Gelins fail to allege facts supporting the third element of their claim against Correct Care.

To support the fifth requirement of their claim, the Gelins allege that Correct Care showed "negligence in hiring or retaining and/or failing to properly supervise the other Defendants." (Am. Compl. ¶ 185). This is the kind of "[t]hreadbare recital[] of the elements of a cause of action" that the Supreme Court held as insufficient in Iqbal and Twombly. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Thus, the Court concludes that the Gelins fail to state the fifth element of their claim against Correct Care. Accordingly, the Court will grant Correct Care's Motion and dismiss the sole Count against Correct Care in this action.[5]

---

[5] The Gelins "suggest" that the Court "provide Plaintiffs[] leave to amend the First Amended Complaint to more clearly identify Correct Care's liability." (Pls.' Opp. at 12). The Gelins may move for leave to amend before trial, see Fed.R.Civ.P. 15(a)(2), but they have not done so. The Court declines the Gelins' invitation to grant them, sua sponte, leave to amend.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Defendant Baltimore County's Motion to Dismiss (ECF No. 16). The Court will grant Defendant Correct Care's Motion to Dismiss (ECF No. 17). The Court will dismiss Correct Care from this case. A separate order follows.

Entered this 5th day of September, 2017

/s/
George L. Russell, III
United States District Judge