Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 1, 2018

MEMORANDUM TO COUNSEL RE:    Edward Gelin, et al. v. Baltimore
                             County, Maryland, et al.
                             Civil Action No. GLR-16-3694

Dear Counsel:

Pending before the Court is Defendants Diane Bahr, Roselor Saint Fleur, Jennifer Sevier, and Kyle Shuman's Motion to Dismiss (ECF No. 42) and Defendant Victoria Titus' Motion to Dismiss (ECF No. 48). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant the Motions.

This action arises out of the death of Ms. Gelin on November 14, 2014, while incarcerated at BCDC. (Am. Compl. ¶ 1, ECF No. 12).[1] On November 11, 2016, Gelin's parents sued, inter alia, Bahr, Saint Fleur, Sevier, Shuman, and Titus, who the Gelins allege were BCDC employees when Gelin died. (Compl., ECF No. 1; Am. Compl. ¶ 17).[2] On November 15, 2016, the Court issued Summonses for Defendants to the Gelins. (ECF No. 3). In December 2016, the Gelins believed they served Saint Fleur and Shuman when they hand-delivered a copy of the Summons and Complaint to Yolanda Rawlers, Administrator of BCDC, where Saint Fleur and Shuman worked. (Pineda Aff. at 2, ECF No. 51-1).[3] Also in December 2016, the Gelins attempted to serve Bahr, Sevier, and Titus at BCDC, but learned they no longer work there. (Id. at 3–4). The Gelins did not receive any additional information about where the Gelins may find them. (Id.). The Gelins searched for Bahr, Sevier, and Titus' addresses, which yielded no results. (Id.). For approximately ten months, the Gelins did not serve Defendants.

In October of the following year, Defendants' counsel advised the Gelins during a teleconference with the Court that none of the Defendants had been properly served. The Court subsequently granted a Consent Motion for Extension of Time to Serve Defendants on October 10, 2017 and reissued summonses for Defendants. (ECF Nos. 31, 37). The Gelins again searched for

---

[1] The background facts are set forth in the Court's September 5, 2017 Memorandum Opinion. The Court repeats only facts relevant to the pending Motion. Unless otherwise noted, the following facts are undisputed, and the Court accepts them as true. Capitalized terms retain their definitions from the Court's September 5, 2017 Memorandum Opinion. (See ECF No. 24).

[2] The Gelins also brought claims against Baltimore County, Baltimore County Sheriff Jay R. Fisher, and BCDC employees Michael Salisbury II, Michelle Rawlins, Nicholas Quisguard, Myesha White, Joseph Lux, Gregory Lightner, Carl Luckett, and Doe Defendants 1–10. (Compl.). For this memorandum, however, the Court uses "Defendants" to refer to only the movants: Bahr, Saint Fleur, Sevier, Shuman, and Titus.

[3] Citations to specific pages in the record refer to pagination that the Court's Case Management and Electronic Case Files system assigned.

Defendants' addresses in October 2017. (Pineda Aff. at 3–4). The Gelins served Shuman on October 28, 2017 and served Bahr on November 6, 2017. (ECF Nos. 39, 44). The Gelins served Titus on October 28, 2017 and served Saint Fleur on November 20, 2017.[4] The Gelins never served Sevier.

Bahr, Saint Fleur, Sevier, and Shuman now move to dismiss all the claims against them for insufficient service of process under Federal Rules of Civil Procedure 4 and 12. (ECF No. 42). Titus also moves to dismiss all the claims against her for insufficient service of process. (ECF No. 48). The Gelins oppose the Motions. (ECF No. 51). Shuman, Saint Fleur, Sevier, and Bahr filed a Reply on December 22, 2017. (ECF No. 54). To date, the Court has not received a Reply from Titus to the Gelins' Opposition.

The parties do not dispute that the Gelins did not serve Defendants within the ninety-day period required by Rule 4(m) and Local Rule 103.8(a). The Gelins served Bahr, Saint Fleur, Shuman, and Titus outside of the ninety-day period, and they have yet to serve Sevier. The Gelins contend, however, that their reasons for failing to serve Defendants within ninety days constitute good cause for the Court to extend the time period for service. The Court disagrees.

Rule 4(c)(1) states, in pertinent part, that a plaintiff is responsible for serving the defendants within "the time allowed by Rule 4(m)." Rule 4(m) provides, in relevant part, that if a plaintiff does not serve a defendant within ninety days after the plaintiff files the complaint, the court "must," on motion, "dismiss the action without prejudice against that defendant or order that service be made within a specified time." The court "must extend the time for service," however, if the plaintiff "shows good cause for the failure." Id. The plaintiff bears the burden of proving "good cause." United States ex rel. Moore v. Cardinal Fin. Co., L.P., No. CCB-12-1824, 2017 WL 1165952, at *14 n.10 (D.Md. Mar. 28, 2017).

Generally, good cause requires plaintiffs to show that they exercised "reasonable and diligent efforts to effect service" within ninety days. Id. at *7 (quoting Chen v. Mayor of Balt., 292 F.R.D. 288, 293 (D.Md.), aff'd, 546 F.App'x 187 (4th Cir. 2013) (internal quotation marks omitted)). The good cause standard "is a stringent one." Shilling, 2017 WL 1035854, at *5 (quoting Gbane v. Capital One, NA, No. PX-16-701, 2016 WL 3541281, at *1 (D.Md. June 29, 2016)) (internal quotation marks omitted). Courts may find good cause when a plaintiff has "taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his own, from taking such an affirmative action." Id. (quoting Tenenbaum v. PNC Bank Nat'l Ass'n, No. DKC-10-2215, 2011 WL 2038550, at *4 (D.Md. May 24, 2011)). Factors courts consider when deciding whether a plaintiff has demonstrated good cause include whether:

---

[4] While the Gelins submitted an affidavit by their process server, which states that the Gelins served Bahr and Saint Fleur in November 2016, (ECF No. 51-1), the Gelins never submitted to the Court proof of service for Bahr or Saint Fleur. Because it appears the parties do not dispute whether the Gelins served Saint Fleur or Bahr in November 2016, the Court assumes the Gelins properly did so.

2

> 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A).

Scott v. Md. State Dep't of Labor, 673 F.App'x 299, 306 (4th Cir. 2016).

Here, as to Saint Fleur and Shuman, the Gelins believed they served Saint Fleur and Shuman when they hand-delivered a copy of the Summons and Complaint to Rawlers. The Gelins concede that serving Saint Fleur and Shuman at their place of business, BCDC, is insufficient under Rule 4(e).[5] Nonetheless, the Gelins argue that good cause exists under Rule 4(m). They "believed" Saint Fleur and Shuman were "properly served at their place of employment" and were unaware of this defect in their attempted service until after the ninety-day period. (Pls.' Opp'n Defs.' Mot. Dismiss ["Pls.' Opp'n"] at 4, ECF No. 51). The Gelins assert that only after the deadline did Defendants "br[ing]" the defect in attempted service "to [the Gelins'] attention." (Id.).

Under the Rule 4(m) factors for demonstrating good cause, however, the delay in service—mistakenly serving Rawlers—is not "outside the [Gelins'] control." Scott, 673 F.App'x at 306. Rather, the Gelins made a mistake. They "believed" that they served Saint Fleur and Shuman by serving Rawlers at BCDC, overlooking Rule 4(e)'s requirements for serving individuals. (Pls.' Opp'n at 4). The Gelins' mistaken belief is insufficient to demonstrate good cause. See Shilling v. Thomas, No. PWG-16-2696, 2017 WL 1035854, at *5 (D.Md. Mar. 16, 2017) (quoting Chen, 292 F.R.D. at 293–94) (concluding that pro se plaintiff's "mistaken[ ] belie[f]" that "service was made properly" is insufficient to establish good cause). And the remaining Rule 4(m) factors for demonstrating good cause clearly do not apply to the Gelins' mistaken belief.

To be sure, the Gelins correctly point out that a defect in the attempted service that a defendant did not "reveal[ ] . . . until after the [ninety-day period] expired" can be enough to establish good cause. Chen, 292 F.R.D. at 293. But here, Defendants did not "reveal" anything. Instead, as the Gelins themselves state, Defendants "brought" to the Gelins' "attention" the insufficiency of the Gelins' attempted service. (Pls.' Opp'n at 4). That is, Defendants merely pointed out what had already been true throughout the ninety-day period: serving Rawlers at BCDC is insufficient under Rule 4(e) when suing Saint Fleur and Shuman as individuals. Thus, the Court concludes that the Gelins have not demonstrated good cause as to Saint Fleur and Shuman.

As to Bahr, Sevier, and Titus, the Gelins submit that good cause exists under Rule 4(m) because they experienced difficulty obtaining Bahr, Sevier, and Titus' addresses. The Court disagrees.

---

[5] See, e.g., Little v. E. Dist. Police Station, No. WDQ-13-1514, 2014 WL 271628, at *3 (D.Md. Jan. 22, 2014) (concluding that the plaintiff did not satisfy Rule 4(e) when he sued police officers in their individual capacities but attempted to serve them at their place of business, their police department headquarters).

The Gelins made two attempts at locating Sevier, Bahr and Titus during the Rule 4(m) time period. First, in December 2016 the Gelins attempted to serve them at BCDC, but learned they no longer work there. The Gelins did not receive any additional information about where they may find them. Second, also in December 2016, the Gelins searched for their addresses, which yielded no results. Nevertheless, the parties do not dispute that from December 2016 to October 2017—approximately ten months—the Gelins did not make any further attempts to locate Bahr, Sevier, or Titus. Nor did the Gelins request any additional time from the Court to serve them. Only after running a second search in October 2017 did the Gelins serve Titus in October 2017 and Bahr in November 2017, (ECF No. 44). All four attempts at serving Sevier at the address the search yielded were unsuccessful.

The Court concludes that the Gelins' lone search for Sevier, Bahr and Titus' addresses, preceded by one attempt at serving them at BCDC, is insufficient good cause under the Rule 4(m) factors. The delay appears to be within the Gelins' control because they located Bahr and Titus after the Rule 4(m) deadline, upon running a second search; there is no assertion that Sevier, Bahr or Titus were evasive during the relevant time period;[6] the Gelins' two attempts at serving Bahr, Sevier, and Titus followed by ten months of inaction are not sufficiently diligent or reasonable; the Gelins are not proceeding pro se; and the Gelins did not ask for an extension of time. See Scott, 673 F.App'x at 306.

Granted, difficulty in obtaining defendants' proper addresses can be sufficient for demonstrating good cause. Hoffman v. Balt. Police Dep't, 369 F.Supp.2d 778, 786 (D.Md. 2005). But the Gelins only searched for Sevier, Bahr or Titus' address once during the Rule 4(m) time period. Thus, the Gelins have not shown good cause for their failure to Bahr, Sevier, or Titus during the Rule 4(m) time period.

As a result, the Gelins have not sufficiently demonstrated good cause under Rule 4(m) for any of the Defendants. There is a split in authority regarding whether Rule 4(m) gives courts discretion to extend deadlines for service without a showing of good cause. See generally Marinkovic v. Schulz, No. GLR-16-1461, slip. op. at 4–5 (D.Md. Aug. 9, 2017). More recent opinions issued by the United States Court of Appeals for the Fourth Circuit and the United States District Court for the District of Maryland concluded that courts do not have discretion to extend the Rule 4(m) deadline absent good cause. See id. Accordingly, the Court will vacate its October 10, 2017 Order extending the Rule 4(m) deadline and grant Defendants' Motions. See, e.g., Chen, 292 F.R.D. at 292 (observing that when the parties did not brief whether good cause exists, "a grant of an extension is provisional only, and a defendant retains the right to advance a challenge later").

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss (ECF Nos. 42, 48). The Court VACATES its October 10, 2017 Order. All of the Gelins' claims against Defendants are DISMISSED WITHOUT PREJUDICE. The remaining parties in this case shall FILE a joint status report within seven days of the date of this memorandum. The Court will set a

---

[6] Sevier allegedly appears to be evasive because the Gelins attempted to serve her four times at her address, but were unsuccessful. (Pineda Aff. at 4–5). Still, all of these attempts occurred in October or November 2017, after the Rule 4(m) deadline elapsed. (Id.).

telephone conference call to discuss the appropriate schedule in this case.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge