UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

**LETTER ORDER AND OPINION**

Date:    April 21, 2025

To:      Counsel of Record

Re:      *Gelin, et al. v. Baltimore County, State of Maryland, et al.*, Case No. CJC-16-3694

Dear Counsel,

  This case is before the Court on remand from the United States Court of Appeals for the Fourth Circuit to determine whether to retain jurisdiction over the remaining state law claims. Before resolving this question, a brief recitation of the facts and relevant procedural history is appropriate.

  On November 4, 2013, Ashleigh Gelin ("Ms. Gelin") began serving a one-year sentence at the Baltimore County Detention Center following a conviction for theft. ECF No. 12 at 12[1]. At the time, she suffered from bipolar disorder and required three daily medications to manage her symptoms. ECF No. 174-2 at 3. Despite mental health concerns, and in violation of prison policy, Ms. Gelin was not promptly evaluated by a mental health professional or referred for treatment. *Id.* at 4. Her condition deteriorated over the following days, and Ms. Gelin died by suicide ten days into her sentence. ECF No. 169 at 2–3.

  On November 11, 2016, Plaintiffs Edward and Deborah Gelin (the "Gelins"), as personal representatives of Ms. Gelin's Estate and on their own behalf, filed suit. *Id.* at 3. Their amended complaint named roughly three categories of defendants, including: (1) the contractor responsible for Ms. Gelin's healthcare during her incarceration, and its employees; (2) the correctional officers on duty at the time of Ms. Gelin's death; and (3) Baltimore County ("the County"), the Director of the County's Department of Corrections, and County agents who purportedly contributed to Ms. Gelin's death. *Id.* at 4.

  The Gelins asserted ten claims. ECF No. 174-2 at 7. In Counts I, II, and III, the Gelins alleged that the individual defendants violated Ms. Gelin's constitutional rights and acted with deliberate indifference, in violation of 42 U.S.C. § 1983. *Id.* In Count IV, the Gelins asserted a

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

Section 1983 claim against the County and the Corrections Director pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.* In Counts V and VI, the Gelins alleged that the individual defendants violated the Maryland Declaration of Rights. *Id.* The remaining counts set forth state law tort claims: negligence (Count VII), gross negligence (Count VIII), and wrongful death against the individual defendants (Count IX), and negligent hiring, retention, and supervision against the County, the Corrections Director, and others (Count X). *Id.*

The County and the individual correctional officers moved for judgment on the pleadings, which the Court granted in part and denied in part. *See Gelin v. Baltimore Cnty., Md.*, Civil Action No. ADC-16-3694, 2023 WL 2480502 (D. Md. Mar. 13, 2023). The County and correctional officers moved for reconsideration of the Court's decision and later filed an interlocutory appeal to the Fourth Circuit, asserting various immunities from suit. ECF Nos. 158, 161. On March 26, 2025, the Fourth Circuit dismissed the appeal in part and reversed the Court's order in part, holding that the Gelins' federal claims failed, and that the parties lacked complete diversity. *See Gelin v. Baltimore Cnty., Md.*, 132 F. 4th 700 (4th Cir. 2025). The Fourth Circuit remanded the case for this Court to "decide in the first instance" whether to retain jurisdiction over the state law claims that remain. *Id.* at 716. For the reasons that follow, the Court declines to retain jurisdiction over the state law claims.

A court may decline to exercise supplemental jurisdiction over any remaining state law claims after dismissing the federal claims which gave it original jurisdiction. 28 U.S.C. § 1367(c)(3); *see Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)).

The Fourth Circuit has recognized that a district court has "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (quoting *Shanaghan*, 58 F.3d at 110). A court may decline to exercise supplemental jurisdiction over any remaining state law claims after dismissing the federal claims which gave it original jurisdiction. 28 U.S.C. § 1367(c)(3); *see Shanaghan*, 58 F.3d at 110 (citing *Noble*, 996 F.2d at 799). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Meyler v. Mayor & City Council of Ocean City*, 736 F. Supp. 3d 272, 296 (D. Md. 2024) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Where a plaintiff's federal claims are dismissed before trial and the remaining state law claims are neither tied closely to a federal question nor federal policy, a court should decline to exercise supplemental jurisdiction. *See Ramsay v. Sawyer Prop. Mgmt. of Md., LLC*, 948 F. Supp. 2d 525, 537 (D. Md. 2013), *aff'd*, 593 F. App'x 204 (4th Cir. 2014) (citing *Gibbs*, 383 U.S. at 726–27).

Following the Fourth Circuit's decision, the only remaining claims are under Maryland common law, which do not implicate any questions of federal law. Therefore, the Court declines to exercise jurisdiction over the remaining state law claims. *See Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 563 (W.D. Va. 2000) (declining to exercise supplemental jurisdiction over a

Virginia state prisoner's negligent infliction of emotional distress claim after dismissing his § 1983 claims); *Ramsay*, 948 F. Supp. 2d at 537 (declining to exercise supplemental jurisdiction over the plaintiff's state law claims after dismissing his federal claim, although they "share the same underlying facts").

      Accordingly, the state law claims set out in Counts VII, VIII, and IX will be dismissed without prejudice. And, consistent with the Fourth Circuit's mandate, this Court will enter judgment for the Defendants on Counts I, II, III, VI, and X of Plaintiffs' Amended Complaint.

      Although in letter form, this is an Order and Opinion of the Court and should be docketed as such.

      Sincerely,

      /s/

      Chelsea J. Crawford
      United States Magistrate Judge